IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DAVID GRIPPI,

    Plaintiff,

vs.                      Civil Action No._____

LAURA MICHELLE KEITH,

    Defendant.

_____/

**PLAINTIFF'S PRO SE VERIFIED COMPLAINT FOR
BOTH INJUNCTIVE RELIEF AND MONEY DAMAGES**

COMES NOW the Plaintiff, DAVID GRIPPI, appearing *pro se*, respectfully submits this Complaint against the above-named Defendant, as would show the Court as follows:

Parties and Jurisdiction

1. Plaintiff, DAVID GRIPPI, is and was at all times relevant hereto and adult resident citizen of Matawan, New Jersey (Matawan County).

2. Defendant, LAURA MICHELLE KEITH, is and was at all times relevant hereto an adult resident and citizen of New York, New York (New York County).

3. Defendant is an individual and can be served with process at her residence: 401 West 53rd Street, Apartment No. 2C, New York, New York 10019.

4. Jurisdiction is proper pursuant to, *inter alia*, 28 U.S.C. 1332, because there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in this Court pursuant to, *inter alia*, 28 U.S.C. 1391, because a substantial part of the events or omissions giving rise to the claims here occurred in the District of New Jersey, and the place of injury to Plaintiff is centered in this district.

## Facts

6. On July 26, 2020, "Cash" – a Weimaraner – was one of seven dogs born. SONIA CHOI ("CHOI") was the sole owner of Cash at birth, and on September 19, 2020, CHOI sold Cash for $1 to Thomas J. Caso. The transaction was reduced to writing, and witnessed by several individuals whose identities are available for the Court should the Court so desire. This transaction occurred in Colts Neck, New Jersey, within the District of New Jersey.

7. On January 12, 2022, Thomas J. Caso, signed over ownership and possessory interest in Cash to CHOI, citing his (Caso's) physical limitations and inability to provide care for Cash.

8. Commencing at least as early as February 2022 and continuing until present, Defendant began posting libelous, slanderous, defamatory, and

blatantly false comments and remarks on social media including, but not limited to, Facebook, where Defendant accused Plaintiff of being complicit in a scheme to steal Cash, and encouraging others to join an illicit campaign to effectuate the return of Cash. However, shortly after receiving Cash from Thomas J. Caso, CHOI relinquished ownership interest and possessory interest in Cash to Plaintiff, who maintains custody and control over Cash.

9. Defendant has engaged in a series of fraudulent and defamatory conduct directed at both Plaintiff and CHOI, and on at least one occasion accosted Plaintiff, and made a failed attempt to forcibly remove Cash from Plaintiff's custody and possession. This act occurred on March 1, 2022, within Matawan, New Jersey. The incident was reported to local police, and there may be video and audio evidence surrounding the failed efforts.

10. On countless occasions since Cash was signed over to CHOI by Thomas J. Caso, Defendant has made disparaging and materially false allegations on social media accusing Plaintiff of wrongdoing, garnering support from the public, and calling for action to be taken by the public against Plaintiff. *See, e.g., Exhibit A.* As evinced from the exhibit, Defendant has even posted Plaintiff's personal information on social media, which has resulted in Plaintiff being harassed, ridiculed, and subject to threats. As a

result, Plaintiff has suffered severe emotional distress, knowingly and intentionally inflicted by Defendant. Such emotional distress has impaired Plaintiff's ability to perform daily functions, and has resulted in a significantly diminished quality of life. As a direct result of Defendant's tortious conduct, Plaintiff lives in fear of being physically attacked when out in the community. Plaintiff has been stalked and threatened by Defendant, and others acting on behalf of the Defendant. Plaintiff lives in fear of being physically harmed based on the defamatory, slanderous, libelous, and flat out false and public allegations of theft. The reputational harm suffered by Plaintiff is unquantifiable and immeasurable.

11. Defendant has also engaged in conduct amounting to an attempt to extort Plaintiff, through social media postings that warn of additional tortious and public action (e.g., arranging to have the false narrative of a dog theft aired on national television) unless Plaintiff relinquishes possession of the dog to the Defendant.

## COUNT ONE: DEFAMATION

12. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

13. Defamatory communications posted on the Internet and Facebook, among other websites, are properly characterized as libel, which does not require proof of special damages.

14. Defendant made false statements to third parties about Plaintiff on Facebook and other social media postings, contending that Plaintiff engaged in criminal conduct to include forgery and theft. Some of those postings are annexed hereto. Defendant published these defamatory, materially false, and slanderous statement with an intent to cause the infliction of both emotional distress, reputational harm, and physical harm to Plaintiff, succeeding (thus far) with destroying Plaintiff's reputation and causing Plaintiff to suffer extreme emotional distress.

15. The defamatory material is libel *per se* because it is calculated on its face to cast aspersions on the moral character of this Plaintiff.

16. Defendant many false statements proximately cause Plaintiff to suffer a loss of reputation, be deprived of the benefits of public confidence and social acceptance, be held to public ridicule, suffer personal humiliation, emotional distress, the threat of serious bodily injury and/or death, and pain and suffering.

## COUNT TWO: INVASION OF PRIVACY-FALSE LIGHT

17. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

18. The Defendant unreasonably publicized and/or caused to be unreasonably publicized untrue personal information concerning the Plaintiff. Such information was disseminated to the public at large over the Internet on platform that include Facebook, to so many persons that the matter must now be regarded as public knowledge.

19. The information the Defendants so publicized or caused to be publicized was false and defamatory, and contained material and major misrepresentations of the Plaintiff's character, conduct and activities. Furthermore, such misrepresentations concerning Plaintiff's personal life are not of any legitimate public concern.

20. The false and defamatory material publicized or caused to be publicized by the Defendant placed the Plaintiff before the public in a false and objectionable light in that the Defendant publicly portrayed Plaintiff as, among other things, a criminal, and a conspirator in a scheme to steal Cash.

21. The defamatory material is highly offensive to Plaintiff and would be highly offensive to a reasonable person. Such a portrayal of Plaintiff constitutes gross misrepresentation of her character, history, activities and beliefs.

22. The Defendant published the defamatory material with actual malice, meaning knowledge of its falsity. Moreover, Defendant contains to disseminate such defamatory information using the Internet.

## Jury Demand

23. Pursuant to the Federal Rules of Civil Procedure and the Sixth Amendment of the U.S. Constitution, Plaintiff hereby demands a trial by jury on all issues so triable.

## Prayer

WHEREFORE, Plaintiff prays in the following particulars:

A. That this Court issue a temporary Restraining Order enjoining Defendant from using Plaintiff's name, image or likeness, address, telephone number, and any other identifiable references, on the Internet and all social media, including but not limited to Facebook;

B. For a hearing and the entry of a preliminary and permanent injunction to prohibit, enjoin, and restrain Defendant from using Plaintiff's name, image and/or likeness, address, telephone number and any other identifiable

references to Plaintiff on the Internet and all social media, including but not limited to Facebook;

C. For compensatory, general, and specific damages in the amount as proved at trial, but not less that one-hundred million dollars ($100,000,000.00);

D. For punitive damages for willful, wanton, and intentional conduct;

E. For cost and any attorney fees; and

F. For any such other relief that this Court deem just and proper.

Dated: MAY 4, 2022

Respectfully submitted,

*David Grippi*

DAVID GRIPPI
68B WYCKOFF STREET
MATAWAN, NEW JERSEY 07747

STATE OF NEW JERSEY
COUNTY OF MATAWAN

I, DAVID GRIPPI, do hereby state under oath that the facts contained in the above Verified Complaint are true and correct to the best of my knowledge, information and belief, and recollection and that all exhibits attached hereto are authentic.

_____
DAVID GRIPPI

Sworn to and subscribed before me this 3rd day of May, 2022

_____
NOTARY PUBLIC

My Commission Expires: **ROSEMARY SORRENTINO**
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES MAY 13, 2025

# EXHIBITS



7:08 AM

Home   From David Grippi

**Matawan Parents/Neighbors**
Sassaphrass Marino · 2d

This is not ok...

**Laura Michelle**
2d

SONIA CHOI IS THE ONE WHO FORGED DOCUMENTS TO STEAL OUR DOG – her business is Angry Apples Marketing at, Matawan, NJ.

DAVID GRIPPI IS IN POSESSION OF OUR DOG WHO REFUSES TO GIVE HIM BACK – HE LIVES IN MATAWAN, NJ. HIS PHONE # is 732-740-3533

There is nothing they can do to scare us –

**Christina Spadafora**
His name is David Grippi and Sonia Choi is the one who stole him. Both in Matawan. Both evil people.

4d   Like   Reply

**Sassaphrass Marino**
Christina Spadafora yep… and greedy clearly too. It's about $

4d   Like   Reply

**Christina Spadafora**
Sassaphrass Marino HORRIBLE. A thousand percent. Otherwise any person with any sort of conscience would give the dog back. It's sickening.

4d   Like   Reply



Laura Michelle 7h · Text story

"I WONDER WHAT EXCUSE DAVID IS GIVING THE LAWYERS AND THE NEWS FOR HOLDING OUR CHILD CAPTIVE. "HOW IS IT OUT OF YOUR HANDS WHEN ALL YOU HAVE TO DO IS "HAND" HIM OVER?" 😊



Today 9:25 AM

The story is getting picked up by the Today Show! Your gonna be famous David! All you have to do is "hand" him over !!!! Have a great weekend!

Ok    Thanks    Talk later?

Q W E R T Y U I O P




Join us in a **peaceful RALLY** in efforts to help **#BRINGPUPPYCASHHOME**

Cash, 1 1/2 years old, victim of theft

⬆ We're raising awareness for the need of reformation in animal rights laws by supporting the **ANIMAL LEGAL DEFENSE FUND**

⬆ Our "fur babies" are more than just property, they are our family!

⬆ sign the **Animal Bill of Rights** in support for
The Right of animals subject to criminal acts to be legally recognized as crime victims.

WE NEED YOUR HELP!! ... LET'S

NBC NewsNBC News New YorkNBC News, NBC New York, Today ShowToday Show, News 4 New York At 5NBC4 (New York), NBCNewYork.comNBCNewYork.com NBC Studios – NYCNBC Studios – Spectrum News NY1NYCNews 4 New York At 5 Hoda kotb NBCNews NBC Nightly News with Lester Holt NBC LA NBC Chicago NBC DFW NBC-news8 Weimaraners Monmouth County NewsTODAY with Hoda & Jenna @Tri-State Weimaraner Rescue Tri-State Weimaraner Rescue Tickled Pink Weimaraner Rescue Weimaraner Rescue Of The North / New York State Weimaraner Rescue Weimaraner Rescue of Texas Weimaraner Owners Hoda KotbWeimaraner Dog Owners NBC 4 New York NBC Studios

Please be advised the man who has our dog continues to refuse to give him back. He is calling him SHADOW. We are working with the Monmouth County Superior Court to get him home to his family as fast as possible. We have been trying to get him home for 3 months now. It has been the most traumatic experience of our lives, but we are not about to give up. This is our child, a member of our family that this man is keeping from us. Why?! We have no idea – he's an associate of the breeder who set this up on us. – screenshots included for proof. They are trying to gaslight us. None of this is okay, especially when your dealing with a living, breathing member of our family.





**Bring Puppy Cash HOME**
2h ·

This is a letter we sent David (the man who refuses to give our own dog back) despite many kind attempts..
What kind of person keeps someone's dog??!!
How could he keep our child from us - AND - expect to get away with it??

Clearly the ones that stole him from us have fed him some kind of lies. I think he is a victim too – but because it's his buddy's wife that did this he refuses to see the real truth.
read our story here 👉 https://tinyurl.com/2p9cbbsr.
Please #bringpuppycashhome
#nbcnewsny #NBCNews #stolendog

March 15,

Dear David,

Sincerely,
Tommy & Laura