IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

DAVID GRIPPI,

    Plaintiff,

vs.                                Civil Action No._____

LAURA MICHELLE KEITH,

    Defendant.

_____/

**PLAINTIFF'S PRO SE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE**

COMES NOW the Plaintiff, DAVID GRIPPI, appearing *pro se*, and moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure:

1. To immediately issue a temporary restraining order and/or preliminary injunction, restraining and enjoining the above-named Defendant from using and/or referencing the name, likeness and/or image, telephone number, or address of DAVID GRIPPI, the Plaintiff, in any of Defendant's social-media postings on Facebook, and on any other website or facility in interstate commerce, and from making any defamatory, libelous, or slanderous statements regarding Plaintiff, whatsoever.

2. To issue an order requiring the Defendant to appear before this Court on a date, and at a time, which shall be determined by this Court, and then and there to show cause, if any there be, why a preliminary injunction

should not be issued that, during the pendency of this action, will restrain and enjoin the Defendant from using the name, likeness and/or image of Plaintiff in any social media postings, including but not limited to, social media groups under the title BRINGPUPPYCASHHOME.

3. The grounds for this motion are more fully set forth in the Verified Complaint, which is incorporated by reference as if fully set forth herein.

4. The Defendant has exhibited text and images of Plaintiff on social media, including but not limited to public Facebook postings, that place Plaintiff in a false and negative light, and such postings are designed to place Plaintiff's life, business and well-being in jeopardy. These social media postings, which have been created and caused to be created by the Defendant, misappropriate Plaintiff's name and image and have subjected Plaintiff to reputational harm, emotional distress, and serve to present a substantial risk of death or serious bodily injury to Plaintiff.

5. Among other things, the Defendant – beginning in or about February 2022 – began posting on social media a false narrative depicting Plaintiff as a person complicit in a scheme to steal, and deprive Defendant of an alleged lawful possession and ownership in, a 1-year old Weimaraner puppy, that Defendant has falsely reported having owned when, in fact, Defendant well knew that: (a) the Defendant had never owned the dog;

(b) that Defendant's intimate partner – THOMAS J. CASO – had purchased the dog and had exclusive ownership over the dog; (3) that CASO subsequently signed over all rights, ownership, and possessory interest in the dog to SONIA CHOI, who subsequently transferred ownership to Plaintiff; and (4) that CASO's decision to relinquish ownership and possession in the dog was due to his physical disabilities and inability to provide appropriate care for the dog.

6. Defendant, despite knowing the facts to be contrary, has embarked upon a journey to generate public animosity towards Plaintiff, with the hope that her publicly issued defamatory and slanderous comments will result in personal and physical injury to Plaintiff's person, reputation, and ability to earn a living. Defendant has succeeded and has garnered considerable support for her nefarious and criminal scheme.

7. Plaintiff notes that the Defendant's material misrepresentation to the public has resulted in financial contributions to a gofundme account. This conduct violates federal wire fraud statutes, and Defendant's conduct also violates federal cyberbullying and extortion statutes. In this respect, Defendant has publicly issued statements tending to coerce Plaintiff to relinquish possession of the dog, or be subjected to additional and further harassment, ridicule, inconvenience and other harm.

8. Unless the tortious and, frankly, criminal conduct of Defendant is restrained pending final disposition of the diversity action, the continuing injury to Plaintiff's reputation will be irreparable even if final judgment is for Plaintiff. Even worse, if the conduct described herein is not restrained, irreparable physical harm may be suffered by Plaintiff based on Defendant's impermissible, tortious, and criminal conduct.

9. No injury will be sustained by the Defendant or by the public through the issuance of a temporary restraining order and/or preliminary injunction.

This motion is based on the motion papers, including this document, the Certificate of Service, the Verified Complaint, and all other papers and records on file in this action, together with any argument and evidence that may be presented at the hearing on this motion.

Dated: May 4, 2022

Respectfully submitted,

*David Grippi*

_____

DAVID GRIPPI
68B WYCKOFF STREET
MATAWAN, NEW JERSEY 07747
TEL: (732) 740-3533

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been furnished upon the Defendant, LAURA MICHELLE KEITH, by Certified Mail/Return Receipt Requested, at 401 West 53rd Street, Apartment No. 2C, New York, New York 10019, on this __4th__ day of May, 2022.

Dated: May __4__, 2022

*David Grippi*

_____

DAVID GRIPPI