**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID GRIPPI,<br><br>                    Plaintiff,<br><br>          v.<br><br>LAURA MICHELLE KEITH,<br><br>               Defendant. | Civil Action No. 22-02640 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |
| SONIA CHOI,<br><br>                    Plaintiff,<br><br>          v.<br><br>LAURA MICHELLE KEITH,<br><br>               Defendant. | Civil Action No. 22-02812 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

These matters come before the Court following the Order to Show Cause as to why these two federal actions should not be dismissed due to either *res judicata*, collateral estoppel, or the entire controversy doctrine.[1] (*Grippi v. Keith*, Civ. No. 22-02640 ("Grippi Federal Action"), ECF No. 29; *Choi v. Keith*, Civ. No. 22-02812 ("Choi Federal Action"), ECF No. 43.)[2] For the reasons

---

[1]     The Court has subject matter jurisdiction over these actions pursuant to 28 U.S.C. § 1332.

[2]     Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

1

set forth below, and other good cause shown, the Court will **DISMISS** the Choi Federal Action and permit the Grippi Federal Action to proceed at this time.

## I.     BACKGROUND

These cases involve the disputed ownership of a Weimaraner dog named "Cash." (Grippi Federal Action, Verified Compl. ¶¶ 6–10, ECF No. 1; Choi Federal Action, Verified Compl. ¶¶ 6–10, ECF No. 1.)   Plaintiff David Grippi asserts that he and his companion, Plaintiff Sonia Choi, rightfully own Cash based on a surrender document signed by Defendant Laura Michelle Keith's companion, Thomas Caso. (*See* Grippi Federal Action, *id.* ¶¶ 7–8.)  In contrast, Keith asserts that she and Caso asked Choi to watch Cash temporarily while they were on vacation, and during that time, Choi and Grippi forged the surrender document in order to keep Cash permanently. (*See* Grippi Federal Action, Answer ¶¶ 3, 6, ECF No. 11.)

According to the Complaints, Keith began disseminating social media posts and paper flyers stating that Choi and Grippi stole Cash and requesting help from the community to return Cash to her and Caso. (*See* Grippi Federal Action, Verified Compl. Ex. A.)  In response to the online postings, Choi and Grippi filed these separate federal actions alleging counts of defamation and invasion of privacy/false light. (*See generally* Grippi Federal Action, Verified Compl.; Choi Federal Action, Verified Compl.)

Prior to filing these matters in federal court, the parties were also engaged in litigation in the New Jersey Superior Court related to the ownership of Cash. *See Sonia Choi v. Laura Michelle Keith et al.*, MON-L-967-22, (N.J. Super. Ct. Monmouth Cty.), Compl., Trans. ID LCV20221382508; *Thomas Caso v. David Grippi*, MON-L-1034-22 (N.J. Super. Ct. Monmouth Cty.), Counterclaim & Third Party Compl., Trans. ID LCV20222423974.)  The Court summarizes the state and federal actions below.

## A.      THE FEDERAL ACTIONS

On May 4, 2022, Grippi filed his federal action *pro se* alleging defamation and invasion of privacy-false light and seeking a temporary restraining order ("TRO") relating to statements made by Keith online.  (*See* Grippi Federal Action, Verified Compl.)  The Court denied Grippi's request for a TRO without a hearing, stating its reasons on the record.  (*Id.*, ECF Nos. 5 & 6.)  On June 24, 2022, Keith answered Grippi's complaint.  (*Id.*, ECF No. 8.)  On August 19, 2022, Keith filed a second Answer with separate affirmative defenses and asserting four counterclaims against both Choi and Grippi.[3]  (*Id.*, ECF No. 11.)  As part of Keith's affirmative defenses, Keith asserts that Grippi knowingly deceived her and Caso regarding the ownership of Cash and both Choi and Grippi are engaging in frivolous litigation.  (*Id.*)  Keith's counterclaims include claims for defamation, libel, and slander related to false statements made about Keith and Caso (Count One); intentional infliction of emotional distress for the loss of Cash and the false statements (Count Two); harassment, bullying, and threats (Count Three); and frivolous litigation (Count Four).  (*Id.*)  Keith seeks the immediate return of Cash as well as monetary damages.  (*Id.*)

On May 12, 2022, Choi, appearing *pro se*, also filed a Verified Complaint asserting claims for defamation and invasion of privacy/false light for statements, posts, and flyers that Keith published online.  (Choi Federal Action, Verified Compl. ¶¶ 11–21.)  The Complaint in the Choi Federal Action sought an order enjoining Keith from using Choi's information on the internet as well as monetary relief.  (*Id.* at 6–7.)  Choi also filed a motion for a TRO.  (*Id.*, ECF No. 3.)  On May 20, 2022, the Court denied the motion for a TRO without a hearing, stating its reasons on the

---

[3]      In the related Choi Federal Action, the Court granted Keith until August 22, 2022, to respond to Plaintiff Sonia Choi's Renewed Application for a Temporary Restraining Order and Order to Show Cause.  (Choi Federal Action, ECF No. 14.)  The Court will accept Keith's Amended Answer as Keith is proceeding *pro se* and leave to amend pleadings should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

record. (*Id.*, ECF Nos. 5 & 7.) Keith filed an Answer to the Complaint on June 24, 2022. (*Id.*, ECF No. 8.)

On July 18, 2022, Choi filed a renewed motion for a TRO. (*Id.*, ECF No. 11.) The Court granted Keith until August 22, 2022, to respond to the motion. (*Id.*, ECF No. 14.) Similar to the Grippi case, on August 18, 2022, Keith filed an Amended Answer and asserted the same four counterclaims against Choi and Grippi for defamation, libel, and slander (Count One); intentional infliction of emotional distress (Count Two); harassment, bullying, and threats (Count Three); and frivolous litigation (Count Four). (*Id.*, ECF No. 17.) The following day, Keith filed opposition to the TRO and highlighted that this federal action may be barred by New Jersey's entire controversy doctrine based on the two underlying state court actions. (*Id.*, ECF No. 19 at 8-9.)

On August 29, 2022, Choi moved to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and moved to strike Keith's Answer pursuant to Rule 12(f). (*Id.*, ECF No. 22.) Choi's motion to dismiss was based on the authenticity of a "surrender" document allegedly signed by Caso wherein the custody of Cash was relinquished to Choi. (*Id.*) The Court denied the renewed motions for TRO and the motion to dismiss as premature as the Court was not willing to convert the motion into one for summary judgment based on the surrender document. (*Id.*, ECF Nos. 25 & 27.)

Following the Court's ruling, a scheduling conference was set in both cases for May 15, 2023. (Choi Federal Action, ECF No. 28; Grippi Federal Action, ECF No. 16.) In advance of the conference, both Grippi and Choi filed a letter requesting that the conference be adjourned and stating that they needed guidance from the Court on how to withdraw and/or dismiss their claims. (Choi Federal Action, ECF No. 29; Grippi Federal Action No. 17.) Both Plaintiffs indicated that the reason for the request was because "this case was also filed in the State court of Monmouth

County and my attorney also advised that we should handle this matter in one court." (*Id.*)  Keith objected to the request for voluntary dismissal stating that she intended to pursue her counterclaims as against both Choi and Grippi.  (Choi Federal Action, ECF No. 33; Grippi Federal Action, ECF No. 22.)

Choi responded to Keith's objection confirming that Choi is seeking to dismiss her case and requesting that the Court dismiss Keith's counterclaims for lack of subject matter jurisdiction as Keith does not allege an action involving at least $75,000.  (Choi Federal Action, ECF No. 37.) Grippi advised the Court that this matter, with identical claims, had already been decided by way of a jury trial in Monmouth County, where Keith was "found guilty on all counts of defamation" and summary judgment was granted in his favor as to the ownership of Cash.  (Choi Federal Action, ECF No. 39; Grippi Federal Action, ECF No. 31.)  Grippi provided a copy of the Order for Judgment by Jury Verdict from the Superior Court of New Jersey, Law Division, Monmouth County (Docket No. MON-L-1034-22).  (Choi Federal Action, ECF No. 42.)  According to the Order, a jury found in favor of Grippi in the amount of $1,000.00 following an eight-day trial. (*Id.*)

On July 6, 2023, the Court entered an Order to Show Cause as to why both federal actions should not be dismissed due to either *res judicata*, collateral estoppel, or the entire controversy doctrine.  (Choi Federal Action, ECF No. 43; Grippi Federal Action, ECF No. 29.)  In response, Keith contends that the state court trial was limited to the defamation of Grippi and that her counterclaims in these federal lawsuits have not yet been litigated so *res judicata*, collateral

estoppel and the entire controversy do not apply.[4]  (Choi Federal Action, ECF No. 44; Grippi

Federal Action, ECF No. 30.)

B.     THE STATE ACTIONS

a.  *Choi v. Keith & Caso*, Docket No. MON-L-967-22

On April 6, 2022, Choi, through counsel, filed a Complaint against Keith, Caso, two other

defendants (Gina Pronti and Stacey Harak), and unnamed individuals (the "Choi State Action").[5]

(*Sonia Choi v. Laura Michelle Keith et al.*, MON-L-967-22 (N.J. Super. Ct. Monmouth Cty.),

Compl., Trans. ID LCV20221382509.)   Like the Choi Federal Action, the Choi State Action

alleges libel, defamation, and false light/invasion of privacy based on numerous social media posts

claiming that Choi stole Cash by forging a signed contract.  (*Id.* ¶¶ 26–50.)  The Choi State Action

also brings counts of civil harassment, conspiracy, and intentional infliction of emotional distress.

(*Id.* ¶¶ 51–65.)

---

[4]     On April 12, 2024, Keith filed in the Choi Federal Action a motion for sanctions pursuant
to Rule 11 based on Choi "filing repeated baseless claims and motions, engaging in vexatious
behavior, forum shopping, misrepresenting facts, perpetrating litigation abuse, and violating
certification of service requirements." (Choi Federal Action, ECF No. 48 at 3.)  Keith also requests
that all civil matters relevant to this case be consolidated in a single court.  (*Id.* at 3-7.)  In support
of her 191-page motion, Keith cites to Choi's filings in this case and the underlying disputed facts
that gave rise to these federal and state actions and requests that the Court dismiss Choi's claims
that do not have evidentiary support and award monetary sanctions.  (*Id.* at 15.)  Because the Court
will dismiss this matter based on abstention the Court will deny the motion for sanctions without
prejudice.  The Court further notes that Keith's motion is more appropriately construed as a motion
for summary judgment, which would be premature in this case as the parties have yet to engage in
discovery.  *See In re Avandia Mktg., Sales & Prod. Liab. Litig.*, 945 F.3d 749, 761 (3d Cir. 2019)
("[A] Court 'is obligated to give a party opposing summary judgment an adequate opportunity to
obtain discovery.'").

[5]     "The Court . . . may take judicial notice of prior judicial opinions and the dockets of the
cases cited by Plaintiffs, as they are matters of public record."  *Payton-Fernandez v. Burlington
Stores, Inc.*, 671 F. Supp. 3d 512, 528 n.10 (D.N.J. 2023).

On June 2, 2022, Keith filed an Answer. (Choi State Action, Trans. ID LCV20222160492.) On March 13, 2023, Keith filed a motion to assert the same four counterclaims against Choi that were asserted in the federal action as well as an additional claim for malicious prosecution. (*Id.*, Trans. ID LCV2023927267.) Keith sought the same relief including the immediate return of Cash as well as monetary damages. (*Id.*) Also included in Keith's filing was a proposed Third-Party Complaint against Grippi asserting the same claims she asserted against him in the federal action. (*Id.*) Choi, through counsel, opposed the motion. (*Id.*, Trans. ID LCV20231085292.) On May 3, 2023, the trial court granted Keith's motion to amend to add the counterclaims against Choi with the exception of any defamation allegations made in a judicial proceeding. (*Id.*, Trans. ID LCV20231441205.) The court's order does not address the request to file a Third-Party Complaint against Grippi, and it does not appear that Grippi was added as a party to the action. (*Id.*)

Discovery is currently scheduled to end on May 17, 2024. (*Id.*, Trans. ID LCV2024382360.) A settlement conference is scheduled for May 30, 2024, with an anticipated trial date of July 29, 2024. (*Id.*, Trans. ID LCV2024396472 & LCV2024959905.) Keith also filed a Motion to Transfer Venue to this Court, which is currently pending before the state court. (*Id.*, Trans. ID LCV20241011702).

### b. *Caso v. Grippi*, Docket No. MON-L-1034-22

On April 13, 2022, Caso filed a complaint against Grippi in state court (the "Caso State Action"). (*Thomas Caso v. David Grippi*, MON-L-1034-22 (N.J. Super. Ct. Monmouth Cty.), Compl., Trans. ID LCV20221504096.) Caso asserts that Grippi "came into possession of [] Cash from Sonia Choi, who was the dogsitter while [he] was out of town," and that Choi and Grippi forged a contract indicating that Caso "freely gave up [his] dog" to Choi. (*Id.*, Compl. at 1–2.)

The Caso State Action contends that Grippi stole Cash through this forged contract and requests the immediate return of Cash. (*Id.* at 2.)

On June 29, 2022, Grippi, represented by counsel, filed an Answer, admitting to possessing Cash, but asserting that he is the "rightful owner." (*Id.*, Answer ¶ 8, Trans. ID LCV20222423974.) Grippi also filed an opposition to Caso's request for the immediate return of Cash and included attachments and exhibits. (*Id.*, Trans. ID LCV20222423990.) Grippi filed counterclaims against Caso including one for "defamation, libel and slander," asserting that Caso "has repeatedly made false statements about David Grippi including, but not limited to, false allegations of criminal conduct by Grippi including, but not limited to, theft, receiving stolen property, and stalking." (*Id.*, Counterclaim ¶¶ 1–4, Trans. ID LCV20222423974.) Grippi also asserted counterclaims against Caso for intentional infliction of emotional distress, civil harassment, civil conspiracy, and frivolous litigation. (*Id.*)

Grippi also asserted a Third-Party Complaint against Keith for defamation, infliction of emotional distress, civil harassment, and civil conspiracy (the "Third-Party Complaint"). (*Id.*, Third Party Compl., Trans. ID LCV20222423974.) Keith filed an Answer in response to the Third-Party Complaint on August 30, 2022. (*Id.*, Trans. ID LCV20223130795.) That same day, Keith also filed an Affidavit setting forth her recollection of the facts surrounding the ownership of Cash, as well as the "lies told by both Choi and Grippi spread throughout lawsuits, police reports, and sworn affidavits to the court." (*Id.*, Trans. ID LCV20223130816.) Keith further stated in the Affidavit that the "harassment, defamation, and threats . . . received are a direct result of the actions by Choi and Grippi" and that she has "never experienced a pain like this." (*Id.*)

On December 15, 2022, Grippi filed a Motion for Summary Judgment seeking dismissal of Caso's Complaint and a judgment in his favor as to his counterclaims against Caso and his Third-Party Complaint against Keith.  (*Id.*, Trans. ID LCV20224223741.)

On March 3, 2023, the court granted summary judgment in favor of Grippi dismissing Caso's complaint with prejudice.  (*Id.*, Trans. ID LCV2023817542.)  The court denied summary judgment as to Grippi's counterclaim against Caso and Third-Party Complaint against Keith.  (*Id.*)  On June 22, 2023, a jury returned a verdict in favor of Grippi on his counterclaim against Caso in the amount of $500.00 as well as his Third-Party Complaint against Keith for $500.00.  (*Id.*, Trans. ID LCV20231868724.)

### c. *Grippi v. Caso & Keith*, Docket No. MON-L-933-24

Following the jury trial, on December 22, 2023, Grippi filed an action against Caso and Keith in the Superior Court of New Jersey, Monmouth County, Chancery Division, Docket No. MON-C-169-23 (the "Grippi State Action"), alleging that their defamatory conduct has continued through postings on various social media platforms.  (Grippi State Action, Trans. ID LCV2024674891.)  On February 5, 2024, the court issued an Order to Show Cause with Temporary Restraints.  (*Id.*, Trans. ID LCV2024675406.)  On March 12, 2024, the court denied the parties' requests for preliminary injunctive relief and transferred the matter to the Law Division as the relief sought by both parties sounded in money damages.  (*Id.*, Trans. ID LCV2024675007.)  The matter is still pending.

## II.   DISCUSSION

Pursuant to Rule 41(a)(2), an action "may be dismissed at the plaintiff's request only by court order . . . .  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the

counterclaim can remain pending for independent adjudication." The Court will grant Plaintiff Choi's request that her claims be dismissed pursuant to Rule 41(a)(2) and will reserve on Plaintiff Grippi's request.[6] Following the Court's Order to Show Cause, the Court will now determine whether Keith's counterclaims in these two federal actions should proceed or whether the counterclaims are precluded by the parallel state court actions.

In response to the Order to Show Cause, Keith argues that her counterclaims against Grippi and Choi should proceed "because they have not been tried on or have not yet ha[d] a day in Court." (Grippi Federal Action, ECF No. 30 at 3; Choi Federal Action, ECF No. 44 at 3.) Keith cites to Rule 13 in support of her position that "unasserted counterclaims may not be precluded in the expectation of the defendant being unaware I could bring a counterclaim as a third party defendant . . . [and the counterclaims] would not nullify the judgment from the previous [t]rial with David Grippi." (Grippi Federal Action, ECF No. 30 at 4; Choi Federal Action, ECF No. 44 at 4.) Keith also attaches a certification by Caso confirming that the signature on the surrender document was not his as well as two expert reports that opine that Caso's signature was forged. (Grippi Federal Action, ECF No. 30 at 4-5; Choi Federal Action, ECF No. 44 at 4-5.)

---

[6]    Rule 41(a)(2) provides that a "dismissal under this paragraph (2) is without prejudice" unless the order states otherwise. Although Plaintiff Choi appeared to request that her claims be dismissed with prejudice (Choi Federal Action, ECF No. 37), the Court dismisses them without prejudice because she is *pro se*, the claims are currently being litigated in state court and no adjudication on the merits has occurred here, and the counterclaims against Choi are also being dismissed without prejudice on abstention grounds. *See Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("The label 'with prejudice' attached to the dismissal of a claim signifies that the dismissal is an adjudication of the merits and hence a bar to further litigation of the claim."). As to Plaintiff Grippi, he wrote that he did "not wish to dismiss the case against" Keith unless her counterclaims were also dismissed. (Grippi Federal Action, ECF No. 20.) Because the Court does not now dismiss Keith's counterclaims in the Grippi Federal Action, it will give Grippi an opportunity to show cause why his claims are not subject to dismissal on preclusion grounds.

## A. CHOI FEDERAL ACTION

"The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 820-21 (1996)). "The doctrine is to be narrowly applied in light of the general principle that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Id.* at 307 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). There are "extraordinary circumstances" where *Colorado River* abstention "is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration.'" *Lockhart v. U.S. Bank Nat'l Ass'n*, Civ. No. 16-4398, 2017 WL 2709563, at *3 (D.N.J. June 22, 2017) (citing *Colorado River*, 424 U.S. at 817).

Whether abstention is appropriate is a two-part inquiry. *First*, the court must determine whether the state proceeding raises "substantially identical claims, raising nearly identical allegations and issues." *Timoney v. Upper Merion Twp.*, 66 F. App'x 403, 405 (3d Cir. 2003) (internal quotation marks omitted). *Second*, the court engages in a multi-factor inquiry to determine whether "extraordinary circumstances" merit abstention. *Lockhart*, 2017 WL 2709563, at *3. The court considers the following factors: "(1) which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Timoney*, 66 F. App'x at 406 (quoting *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir. 1999)) (internal quotation marks omitted).

District courts may raise *Colorado River* abstention *sua sponte*. *See Lockhart*, 2017 WL 2709563, at *3 (determining, *sua sponte*, that the court should abstain from hearing the case under *Colorado River* and dismissing the case). Thus, the Court applies the *Colorado River* factors to the state and federal actions in this matter.

First, the Choi State and Federal Actions are parallel. Two actions are parallel when "the parties are the same; the claims are the same; and the underlying facts are the same." *BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.*, Civ. No. 06-0588, 2006 WL 3591256, at *3 (D.N.J. Dec. 8, 2006), *aff'd*, 310 F. App'x 490 (3d Cir. 2008). However, courts may "appl[y] *Colorado River* abstention even where the parties [are] not 'perfectly identical,' but [are] 'substantially the same.'" *United States v. Nobel Learning Cmtys.*, Civ. No. 17-366, 2017 WL 4697050, at *2 (D.N.J. Oct. 19, 2017) (quoting *Barron v. Caterpillar, Inc.*, Civ. No. 95-5149, 1996 WL 368335, at *2 n.2 (E.D. Pa. June 26, 1996)); *see also Carsten v. Boylan*, Civ. No. 17-00733, 2018 WL 1696649, at *3 (M.D. Pa. Apr. 6, 2018) ("The cases do not need to be precisely identical, but 'there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case.'" (citation omitted)). Accordingly, two actions may still be parallel if the state action has additional parties or claims than the federal action. *See, e.g.*, *Carsten*, 2018 WL 1696649, at *4; *Flint v. A.P. Desanno & Sons*, 234 F. Supp. 2d 506, 510-11 (E.D. Pa. 2002).

Here, the Choi Federal and State Actions include the same parties, Choi and Keith. Both actions allege that Keith has published and continues to publish false statements, that Choi and Grippi stole Cash by forging a surrender document and attach exhibits demonstrating the alleged defamatory postings. (Choi Federal Action, Verified Compl. ¶¶ 11–21; Choi State Action, Compl. ¶ 34.) Both actions assert counts of defamation and false light, and the Choi State Action asserts additional counts. (Choi Federal Action, Verified Compl. ¶¶ 11–21; Choi State Action, Compl.

¶¶ 26–50.)  And the counterclaims asserted by Keith in both the state and federal actions are identical.  (*Cf.* Choi Federal Action, ECF No. 17, asserting defamation, libel, and slander (Count One), intentional infliction of emotional distress (Count Two), harassment, bullying, and threats (Count Three), and frivolous litigation (Count Four), *with* Choi State Action, Trans. ID LCV2023927267 asserting defamation, libel, and slander (Count One), intentional infliction of emotional distress (Count Two), harassment, bullying, and threats (Count Three), frivolous litigation (Count Four), and malicious prosecution (Count Five).)  Thus, despite the Choi State Action being broader than the Choi Federal Action, the actions are parallel because the parties, facts, and claims are the same.  *See BIL Mgmt. Corp.*, 2006 WL 3591526, at *3; *Flint*, 234 F. Supp. 2d at 510; *Carsten*, 2018 WL 1696649, at *3-4.

Next, the Court considers the *Colorado River* factors.  The Supreme Court has instructed district courts to apply these factors in "a pragmatic, flexible manner with a view to the realities of the case at hand."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).

The first factor, which a court assumed jurisdiction over the property involved, applies to *in rem* cases and is not applicable here.  This factor is neutral.

The second factor requires the Court to consider whether the federal forum is inconvenient. The federal court is located in Trenton, and the state court is located in Monmouth County.  The two fora here are equally convenient, which makes this factor neutral or nonexistent.  *See BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.*, 310 F. App'x 490, 492 (3d Cir. 2008).

The third factor, desirability of avoiding piecemeal litigation, refers to whether there is a "strongly articulated *congressional policy* against piecemeal litigation in the specific context of the case under review."  *Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997) (citing *Colorado River*, 424 U.S. at 819) (emphasis in original).  As there is no such policy here, this factor is neutral.

The fourth factor is the order in which the courts retained jurisdiction.  This factor should be measured not only by "which complaint was filed first, but rather in terms of how much progress has been made in the two actions."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.  Here, the Complaint in the Choi State Action was filed on April 6, 2022, (*see* Choi State Action, Compl.), over a month before the Complaint in the Choi Federal Action, which was filed on May 12, 2022, (*see* Choi Federal Action, Verified Compl.).  The Complaint in the Choi State Action also points to communications between the parties as early as March 11, 2022, when Choi's counsel served some of the defendants with cease-and-desist letters.   (Choi State Action, Compl. ¶ 33.) Additionally, Choi and some of the defendants in the Choi State Action are represented by counsel while, in the Choi Federal Action, both Choi and Keith have thus far proceeded *pro se*.  (*See generally* Choi Federal Action, Verified Compl.; Choi State Action, Compl.)  Moreover, the Choi State Action has progressed further in that the discovery end date is currently set for May 17, 2024, and an anticipated trial date is set for July 2024.  The Court finds that there has been more relative "progress" made in the Choi State Action.  This weighs in favor of abstention.

The fifth factor, whether state or federal law applies, weighs in favor of abstention because the law at issue in the Choi State and Federal Actions is state tort law.  *See BIL Mgmt. Corp.*, 310 F. App'x at 493 (affirming district court's determination that the fifth factor weighed in favor of abstention when the law at issue was state law).

The sixth and final factor requires the Court to inquire whether the state court can adequately represent the interests of the parties.  Given that the Choi Federal Action exclusively involves state law, the state court is well-equipped to represent the interests of the parties.  *See id.* Further, the Choi State Action involves more defendants and claims; this makes the state court better equipped to resolve the matters at issue, because "it makes more sense to resolve common

issues in a setting which will dispose of the most claims." *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 225 (3d Cir. 1994); *see also BIL Mgmt. Corp.*, 2006 WL 3591256, at *3 n.1 (noting that the sixth factor weighs in favor of abstention because the state action requested an additional remedy (specific performance), which was not requested in the federal action; thus, the court concluded, the "plaintiff's rights appear to be more fully exercised in the state court proceedings").[7] Here, the Choi State Action includes claims of defamation, false light, libel, slander, civil harassment, conspiracy, and intentional infliction of emotional distress, (Choi State Action, Compl. ¶¶ 26–65), while the Choi Federal Action includes only claims of defamation and false light, (Choi Federal Action, Verified Compl. ¶¶ 11–21). Keith also asserts an additional counterclaim against Choi in the Choi State Action. (*Compare* Choi Federal Action, ECF No. 17, *with* Choi State Action, Trans. ID LCV2023927267.) Thus, the parties' rights "appear to be more fully exercised in the state court proceedings." *See BIL Mgmt. Corp.*, 2006 WL 3591256, at *3 n.1. This factor weighs in favor of abstention.

For the foregoing reasons, while factors one, two and three are neutral, the remaining factors weigh strongly in favor of abstention. The Court therefore finds that "considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration'" warrant abstention. *Lockhart*, 2017 WL 2709563, at *3. The Court will dismiss without prejudice the Choi Federal Action based on the *Colorado River* factors.

---

[7]     The Court notes the Third Circuit's subsequent disapproval of *Trent*'s reasoning with respect to factor two, the avoidance of piecemeal litigation. *See Ryan v. Johnson*, 115 F.3d 193, 198 (3d Cir. 1997). Thus, this Court cites *Trent* only for its application with respect to other factors.

**B. Grippi Federal Action**

Keith objects to the dismissal of the Grippi Federal Action claiming that she wants to continue to pursue her counterclaims against Grippi. Keith asserts claims for defamation, libel, and slander related to false statements made about Keith and Caso (Count One); intentional infliction of emotional distress for the loss of Cash and the false statements (Count Two); harassment, bullying, and threats (Count Three); and frivolous litigation (Count Four). (Grippi Federal Action, ECF No. 11.) Keith seeks the immediate return of Cash as well as monetary damages. (*Id.*)

"Under New Jersey law . . . 'when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.'"[8] *Farzan v. J.P. Morgan Chase Bank, N.A.*, 2022 WL 17336211, at *1 (3d Cir. Nov. 30, 2022). Preclusion involves several related concepts, including the entire controversy doctrine and *res judicata*. *See Reaves v. Monmouth Univ.*, Civ. No. 22-1782, 2022 WL 17722803, at *8 (D.N.J. Dec. 15, 2022); *Shieh v. Kim*, 2023 WL 18506, at *2 (N.J. Super. Ct. App. Div. Jan. 3, 2023).

"*Res judicata* encompasses two preclusion concepts—issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit."[9] *Townsend v. N.J. Transit*, 516 F. App'x 110, 110-

---

[8]    "Out of concern for judicial economy and respect for the conclusions reached by other courts considering the same issues, courts have traditionally attached additional importance to the application of res judicata principles." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009) (internal quotations omitted).

[9]    *See Jackson v. Amazon Services.com, Inc.*, Civ. No. 21-12172, 2022 WL 1173403, at *3 (D.N.J. Apr. 20, 2022) ("'In a diversity action, [the Third Circuit] appl[ies] the preclusion rules of the forum state, unless they are incompatible with federal interests.' Because the standard

11 (3d Cir. 2013) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)).

Specifically, *res judicata* requires three elements: "(1) the judgment in the prior action must be

valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity

with those in the prior action; and (3) the claim in the later action must grow out of the same

transaction or occurrence as the claim in the earlier one." *Prince v. Pajela*, Civ. No. 22-01939,

2023 WL 3481464, at *4 (D.N.J. May 16, 2023) (quoting *Watkins v. Resorts Int'l Hotel & Casino,

Inc.*, 591 A.2d 592, 599 (N.J. 1991)). "Claim preclusion applies not only to matters actually

determined in an earlier action, but to all relevant matters that could have been so determined,"

and "[f]or the purposes of *res judicata*, causes of action are deemed part of a single 'claim' if they

arise out of the same transaction or occurrence." *Id.*

In analyzing essential similarity, courts consider several factors: "(1) whether the acts

complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is

the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4)

whether the material facts alleged are the same. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247,

277 (3d Cir. 2014). The Court has the power to *sua sponte* dismiss an action based on *res judicata*.

*Atwell v. Metterau*, 255 Fed. Appx. 655, 657 (3d Cir. 2007) ("Although a defendant usually must

raise preclusion as an affirmative defense, a court may *sua sponte* dismiss an action on this basis

where the court is on notice that it previously decided the issue presented."); *King v. East Lampeter

Twp.*, 69 Fed. App'x. 94, 96 (3d Cir. 2003) (affirming District Court's dismissal of the *pro se*

plaintiff's complaint *sua sponte* as the plaintiff was barred from raising any allegations relating to

claims that were or could have been raised in a prior case by principles of *res judicata* and collateral

---------------------------------

for res judicata is the same under federal and New Jersey law, it is unnecessary to undertake that
analysis." (citations omitted)).

estoppel.); *Benigno v. Walsh*, Civ. No. 23-3248, 2024 WL 640733, at *5 n.13 (D.N.J. Feb. 15, 2024) ("Third Circuit persuasive authority states that district courts have the power to *sua sponte* dismiss an action if res judicata applies.").

Relatedly, the entire controversy doctrine "provides that non-joinder of claims or parties required to be joined . . . shall result in the preclusion of the omitted claims to the extent required."[10] *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004) (internal quotation marks and citation omitted); *see also* New Jersey Court Rule 4:7-1, Mandatory Counterclaims, Comment 1 (A party "must also raise in a counterclaim all claims he may have that are encompassed by the entire controversy doctrine, which requires the joining in a single action of all claims the parties thereto have against each other arising out of the same transaction or series of transactions. That mandatory joinder rule applies as well to the plaintiffs' claims, cross-claims and third party pleadings."). The doctrine has been described as "New Jersey's specific, and idiosyncratic, application of traditional *res judicata* principles." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (citations omitted). It "embodies the notion that 'the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'" *Id.* at 885 (citation omitted). "It is the 'commonality of facts,' rather than legal issues, parties or remedies, 'that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine.'" *Tilbury*

---

[10]     "[T]he entire controversy doctrine does not preclude the initiation of a second litigation before the first action has been concluded." *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 889 (3d Cir. 1997). However, in *Rycoline*, the Third Circuit left open the "additional question of whether, where two actions are pending simultaneously, the Entire Controversy Doctrine may be raised at the time one action is concluded to preclude completely the other action" and noted that "some measure of finality of a prior proceeding is a prerequisite to asserting the Doctrine." *Id.* at 889 n.2, 890.

*v. Aames Home Loan*, Civ. No. 5-2033, 2005 WL 3477558, at *7 (D.N.J. Dec. 12, 2005), *aff'd*, 199 F. App'x 122 (3d Cir. 2006)) (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 504 (N.J. 1995)).

It appears Keith's counterclaims in this case involve the same commonality of facts that were litigated in the *Caso* matter – namely the ownership of Cash.  (*See* Grippi Federal Action, ECF No. 11 (claiming defamation related to police reports involving Cash, seeking intentional infliction of emotional distress claim related to the taking of Cash and false statements, basing harassment claim on impersonating the Superior Court of Monmouth County and spread of false statements after a hearing and reporting false claims of a "burglary").)  This is further exemplified by Keith's response to the Order to Show Cause, which attaches in support of her counterclaims Caso's certification and expert reports from the state court matter challenging the authenticity of the surrender document.

However, Keith appears to claim that she did not know she could assert her counterclaims in the *Caso* matter as a Third-Party Defendant.  Although *pro se* litigants must abide by the same procedural rules that apply to all other litigants, the record currently before the Court does not support a ruling precluding Keith's counterclaims against Grippi at this time.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("At the end of the day, [*pro se* litigants] cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."))); *see also* New Jersey Court Rule 4:30A, Entire Controversy Doctrine, Comment 3.4 ("[I]f a party wishes to reserve a claim for future action it must nevertheless submit the claim to the court in the pending action for a ruling as to joinder or reservation.").

For example, the Court does not have the benefit of reviewing the state court's decision or transcript for granting summary judgment in favor of Grippi and whether that ruling disposes of the ownership issues involving Cash and the alleged surrender document. Also, the Court is not aware of whether that decision or the jury verdict in that case is indeed final for purposes of preclusion or whether the matter is currently on appeal. Moreover, the basis for Keith's defamation claims against Grippi are unclear and the Court would benefit from a more fulsome record before revisiting the preclusion issues.[11]

The Court notes, however, that five separate actions have been filed by these parties involving the ownership of Cash. The applicability of *res judicata* and the entire controversy doctrine depends upon fairness and judicial economy. The doctrines mandate dismissal where parties seek to manipulate the system or forum shop. "The point of the doctrine is that 'a component of a controversy may not be unfairly withheld, and a withholding is by definition unfair if its effect is to render the pending litigation merely one inning of the whole ballgame.'" *Itzkoff v. F&G Realty of N.J., Corp.*, 890 F. Supp. 351, 355 (1995) (citing *Electro-Miniatures Corp. v. Wendon Co., Inc.*, 889 F.2d 41, 45 (3d Cir. 1989)). The Court will revisit the preclusion issue as to Keith's counterclaims following a more fulsome record in this case.[12]

---

[11]     Keith's counterclaims were asserted against both Grippi and Choi but the allegations are largely based on false statements made by Choi or sworn statements submitted to a court. (Grippi Federal Action, ECF No. 11.)

[12]     The Court notes that Keith seeks the immediate return of Cash as well as monetary relief. To the extent Keith's counterclaims are based on the ownership of Cash and such claims have been fully adjudicated in state court those claims would be barred by the *Rooker-Feldman* doctrine. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *see also Archie v. Mercer Cnty. Courthouse*, Civ. No. 19-20976, 2022 WL 2980986, at *4 (D.N.J. July 28, 2022) (holding that the *Rooker-Feldman* doctrine bars any such attempt to use a federal trial court as a court of appeals from state-court judgments (collecting cases)).

As to Plaintiff Grippi's claims against Keith in the Grippi Federal Action, the claims appear to be duplicative of the third-party claims that Grippi asserted against Keith in the Caso State Action. (*Compare* Grippi Federal Action, Verified Compl., ECF No. 1, *with* Caso State Action, Trans. ID LCV20222423974.) As the Court has noted, the Caso State Action was tried to a jury verdict. (Caso State Action, Trans. ID LCV20231868724.) Thus, Grippi will be given thirty days to either write to confirm that he wishes his affirmative claims in his federal action to be dismissed or to show cause why the claims should not be dismissed on preclusion grounds.

## III.   CONCLUSION

For the reasons set forth above, and other good cause shown, the Court hereby **DISMISSES WITHOUT PREJUDICE** the Choi Federal Action and will permit the claims in the Grippi Federal Action to survive at this time.[13]   An appropriate Order follows.

Dated:  May 8, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[13]   The Court will stay discovery in the Grippi Federal Action until the Court rules on Grippi's response to the Court's order to show cause and his answer or other response to Keith's counterclaims.